IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:14cr49 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DAVID R. FLYNN, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO FLYNN'S OBJECTION TO
THE SOPHISTICATED MEANS ENHANCEMENT

The United States of America, by and through its undersigned attorney, offers this in response to defendant Flynn's objection to the sophisticated means enhancement:

**I.    Background**

In his position paper, defendant objects to the application of the sophisticated means enhancement pursuant to § 2B1.1(b)(10)(C).   Flynn argues that he simply stole money from his trust account, and that there was nothing sophisticated about his methods.   Flynn's argument lacks a legal and factual basis.

**II.    The Probation Office Appropriately Included A Sophisticated Means Enhancement**

The PSR correctly applied a two-level enhancement pursuant to § 2B1.1(b)(10)(C) because the fraud scheme involved sophisticated means.   Sophisticated means is "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense . . . Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means."   U.S.S.G. § 2B1.1 cmt. n.8(B).   While the examples mentioned in Application Note

8(B) suggest "a higher level of financial sophistication, . . . the essence of the definition is merely deliberate steps taken to make the offense difficult to detect." United States v. Stone, 85 Fed.Appx. 925, 938 (4th Cir. 2004) (unpublished) (internal citation and alternation omitted) (finding that defendant's use of fictional entities to perpetuate the fraud was sophisticated under § 2T1.2(b)(2), the tax analog to § 2B1.1(b)(9)(c), when the steps the defendant took made it more difficult for the IRS to detect his criminal activity).

Moreover, precedent from other circuits suggests that not every step of defendant's criminal activity has to be especially complicated or sophisticated if the totality of the scheme was sophisticated. See United States v. Jackson, 346 F.3d 22, 25 (2d Cir. 2003) ("even if each step in the scheme was not elaborate, the total scheme was sophisticated in the way all the steps were linked together so that [the defendant] could perceive and exploit different vulnerabilities in different systems in a coordinated way"); United States v. Finck, 407 F.3d 908, 915 (8th Cir. 2005) ("Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme"); United States v. Rettenberger, 344 F.3d 702, 709 (7th Cir.2003) (finding that husband and wife's scheme to collect insurance proceeds by pretending husband's disability was sophisticated where it involved "[c]areful execution and coordination over an extended period enabled the [defendants] to bilk more insurers and reduce the risk of detection" even though the scheme consisted of simple lies).

Here, the enhancement is well-founded. While Flynn's crime – stealing from his trust account – is relatively straightforward, his methods of committing the crime were not. Flynn created an entirely separate company – Buchard, LLC – and opened an account at Bank of America to use as a shell corporation to receive the stolen funds. SOF at ¶ 33. Flynn's use of Buchard, LLC to steal the funds falls squarely within the definition of sophisticated means as

defined by the application note. See U.S.S.G. § 2B1.1 cmt. n.8(B) ("Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means."; see also United States v. Stone, 85 Fed.Appx. 925, 938 (4th Cir. 2004) (unpublished) (internal citation and alternation omitted) (finding that defendant's use of fictional entities to perpetuate the fraud was sophisticated under § 2T1.2(b)(2), the tax analog to § 2B1.1(b)(9)(c), when the steps the defendant took made it more difficult for the IRS to detect his criminal activity). From the bank account statements alone, an investigator would not have identified the transfer to Buchard, LLC as an illegal transfer to the defendant. The creation of a fictitious entity used to avoid detection is precisely the type of conduct that is covered by the sophisticated means enhancement. Id. Accordingly, the government maintains that the probation office appropriately enhanced defendant's guideline range by 2 points for using sophisticated means.

**III. Conclusion**

For the foregoing reasons, the Government submits that the probation office appropriately included a sophisticated means enhancement, and respectfully requests that the court overrule defendant's objection to this guidelines enhancement.

    Respectfully Submitted,

    DANA J. BOENTE
    UNITED STATES ATTORNEY

By:    /s/
    Melissa E. O'Boyle
    Assistant United States Attorney
    Virginia State Bar No. 47449
    Attorney for the United States
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510
    Office Number - 757-441-6331
    Facsimile Number - 757-441-6689
    E-Mail Address - melissa.oboyle@usdoj.gov

CERTIFICATE OF SERVICE

  I certify that on December 11, 2014, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

James O. Broccoletti
6663 Stoney Point South
Norfolk, Virginia 23502
james@zobybroccoletti.com

  I further certify that on December 11, 2014, I caused a true and correct copy of the foregoing to be mailed to the following:

Leah D. Greathouse
United States Probation Officer
600 Granby Street, Suite 230
Norfolk, Virginia 23510

            By:   /s/
               Melissa E. O'Boyle
               Assistant United States Attorney
               Virginia State Bar No. 47449
               Attorney for the United States
               United States Attorney's Office
               101 West Main Street, Suite 8000
               Norfolk, VA 23510
               Office Number - 757-441-6331
               Facsimile Number - 757-441-6689
               E-Mail Address - melissa.oboyle@usdoj.gov